**In the Matter of William S. RINI, Jr., and Judith S. Rini, a/k/a Judith S. Hamilton, Debtors.**

**Bankruptcy No. 84–161.**

United States Bankruptcy Court, D. Delaware.

June 13, 1985.

Gary W. Aber, Michael Joseph, Wilmington, Del., for debtors.

Dennis J. Siebold, New Castle County Law Dept., Wilmington, Del., for New Castle County Dept. of Finance.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

The Debtors have objected to New Castle County's Department of Finance claim of $3,817.38, representing taxes due for 1979 through 1983, plus statutory penalties to the filing date of their Chapter 11 petition. Three issues are raised by the objection: (1) Whether the taxes for the 1982 tax year (July 1, 1982 through June 30, 1983) should have been based on the rate for unimproved real property rather than as improved property; (2) Whether the property should have been taxed on the basis of the farmland assessment for the period of New Castle County's claim; and (3) Whether Debtors are obligated to pay roll-back taxes for the 1979 and 1980 tax years when their property was part of a large tract of land owned by Renaissance Land Corporation which qualified for the benefits of the State Farmland Assessment Act.

The Debtors on November 17, 1981, purchased from Renaissance Land Corporation approximately 2 acres of land on which was located an old barn they renovated for use as a residence. Shortly after they had moved into the barn in June 1982 their insurance carrier condemned it because of a structural defect in the foundation. In July, Debtors applied to the County Department of Public Works, Development and Licensing for a temporary permit to place a house trailer on the property while constructing a new residence. The permit was denied but the County issued the building permit in September and a certificate of occupancy for the new residence in March 1983.

Under Delaware law, the New Castle County Department of Finance is required to prepare an annual assessment roll and to present it to the Board of Assessment Review by February 15. 9 *Del.C.* § 1308(a). The assessment roll is made public by March 1 and annual assessment appeals must be filed by March 15. A person who fails to file such an appeal is "liable for the tax for such year as shown by the assessment lists." 9 *Del.C.* §§ 8310(a)(1); 8311(a); 8313. Based on the annual assessment role, taxes are levied on June 1 and become due and constitute liens against the property on July 1. 9 *Del.C.* §§ 8003(b); 8601(1) and 8705(a). Taxes are billed during July and are payable without penalty through September 30. 9 *Del.C.*

§§ 8602(a); 8604(a). Recognizing that a strict application of §§ 8311 and 8313 could be unjust if property is destroyed by circumstances beyond a property owner's control, the County Department of Finance has developed a policy by which it will correct an assessment so long as the County becomes aware of the changed circumstances before July 1, the date on which taxes become a lien against the property.

On June 1 when the taxes were levied, the Debtors were living in the renovated barn. It was not until sometime in July that the County, through Debtors' application for a temporary trailer permit and a building permit, received any information about the demolition of the barn. Consequently, the Department of Finance could not have been advised *before* July 1. Thus, there is no need to consider whether the information given one County department could be imputed to another County department. Since Debtors gave no notice of the barn's demolition before the 1982 taxes became a lien, there is no basis upon which the taxes assessed for the 1982–1983 year could be reduced. Even if notice had been given to the Department of Finance in accordance with its policy, it does not follow that the property would automatically revert to unimproved status since the land had been improved by the addition of paving, a septic system, and the availability of various public utilities.

Renaissance Land Corporation qualified for benefits under the State Farmland Assessment Act, 9 *Del.C.* §§ 8328–8337, when it farmed as part of a larger tract the property it later conveyed to Debtors. To qualify, a tax-payer had to own a minimum of 5 acres actively devoted to agricultural use and earn an average of at least $500 per year from the gross sales of agricultural products produced on that land. The size of the property conveyed to Debtors eliminated its eligibility under the Act. Furthermore, even if the eligibility criteria were met, the Debtors never applied for farmland assessment and could not now apply. The landowner must file an application for farmland valuation on or before February 1 of the year immediately preceding the tax year for which the assessment is sought. 9 *Del.C.* §§ 8334(3) and 8336.

Debtors cannot prevail in their challenge to the County's contention that they are obligated to pay roll-back taxes imposed against the property for the 1979 and 1980 tax years. Their argument that the County should look to Renaissance Land Corporation for payment has no basis in law. Section 8335(d) provides for computation and assessment of roll-back taxes against the *land.* Thus, the taxes are a lien against land rather than a personal obligation and must be billed to whoever owns the land at the time the roll-back taxes issue.

Lastly, the Debtors are barred from contesting the County's claim in the state courts by the applicable statute of limitations:

> Actions for *anything done* in pursuance of Chapter 83 of Title 9, relating to valuation and assessment of property, shall be brought within 6 months ... (Emphasis added). 10 *Del.C.* § 8125.

All of the actions taken by the County which Debtors now question were done under Chapter 83, Title 9, "Valuation and Assessment of Property". Any challenge to those actions had to be filed within six months. Debtors' contacts with New Castle County do not meet the burden placed on property owners under § 8125. There is no provision in the bankruptcy law which revives an expired statute of limitations to permit the Debtors to collaterally attack the County's assessment.

An order in accordance with this Memorandum Opinion is attached.